UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYEE BURKE,

    Plaintiff,

v.

Case No. 11-13541
Hon. Lawrence P. Zatkoff

PROVIDENCE HOSPITAL, ST. JOHN
HEALTH, ST. JOHN HEALTH d/b/a
PROVIDENCE HOSPITAL AND MEDICAL
CENTER, DR. SABRINA HANNA, DR.
GLENN TAYLOR, DR. SOHEYLA
PEZESHKI, and DR. GARY MENNIE,
Jointly and Severally,

    Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 21, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Remand [dkt 3]. The Motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers, and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's Motion to Remand is GRANTED.

### II. BACKGROUND

Plaintiff filed her Complaint in the Wayne County Circuit Court on May 2, 2011.

Defendants answered Plaintiff's Complaint in the state court on June 13, 2011. On August 12, 2011, Defendants filed their notice of removal to this Court [dkt 1]. In support of their notice of removal, Defendants stated that Defendant Dr. Soheyla Pezeshki was served with a copy of the Complaint on July 15, 2011. Also according to Defendants, they preserved their right to remove the case in their Answer to the Complaint and Affirmative Defenses.

In her Motion to Remand, Plaintiff argues that, although she was at one point a *resident* of South Carolina, her *domicile* remained Michigan, since her intent was always to return here. Defendants dispute that Plaintiff was domiciled in Michigan, and argue that because Plaintiff lived for six years in South Carolina, was employed there, and placed her children in the South Carolina school system, Plaintiff had no intention of returning to Michigan at the times relevant to jurisdiction.

### III.  LEGAL STANDARD

A notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, **through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  28 U.S.C. § 1446(b) (emphasis added).

### IV. ANALYSIS

Upon analyzing Plaintiff's Motion to Remand, it came to the Court's attention that notwithstanding Plaintiff's arguments, jurisdiction over this case is not proper due to untimely removal by Defendants. Defendants' purported removal was to occur within thirty days after the receipt by Defendants, through service or otherwise, of a copy of the Complaint. *See* 28 U.S.C.

§ 1446(b). Plaintiff's Complaint against all Defendants was filed on May 2, 2011. All Defendants answered the Complaint on June 13, 2011. Defendants did not file their notice of removal until August 12, 2011, claiming that Defendant Dr. Pezeshki was not served with the Complaint until July 15, 2011. According to Defendants, removal was proper because it occurred within thirty days of Dr. Pezeshki being served the Complaint. The Court, however, finds this argument problematic. If Dr. Pezeshki answered the Complaint on June 13, 2011, then Dr. Pezeshki received the Complaint, via service "or otherwise," sometime before June 13, 2011, since it is unlikely that Dr. Pezeshki could have answered the Complaint without having seen it. *See* 28 U.S.C. § 1446(b) (emphasis added). Defendants thus failed to file their notice of removal within thirty days of receiving the Complaint.

Further, Defendants claim that in their Answer to the Complaint and Affirmative Defenses, they "preserved their right to removal to another venue." Even if such a "preservation" was made, Defendants provide no legal authority allowing this "preservation" to trump the removal requirements set forth in 28 U.S.C. § 1446. As such, Defendants' argument fails to validate the untimely removal.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Plaintiffs' Motion to Remand [dkt 3] is GRANTED.

IT IS SO ORDERED.

Date:  February 21, 2012

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  U.S. DISTRICT JUDGE